UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERIC PURDOM

v.                                        CASE NO.  4:06-CR-00281-02 GTE
                                               (4:08-CV-00107)

UNITED STATES OF AMERICA

<u>ORDER</u>

Presently before the Court is Petitioner Eric Purdom's Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence filed on February 5, 2008.

I.      BACKGROUND

On August 9, 2006, a grand jury in the Eastern District of Arkansas indicted the

Petitioner, Eric Purdom, on two counts of violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and

846.  On September 15, 2006, Petitioner and his counsel appeared before this Court, and

pursuant to a written plea agreement, entered a plea of guilty to Count Two of the Indictment.

Count Two charged Petitioner with conspiracy to knowingly and intentionally manufacture a

mixture or substance containing methamphetamine, a Schedule II controlled substance, and

alleged that more than 500 grams of a mixture or substance containing methamphetamine was

involved, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

In the plea agreement, the parties stipulated to the following: (1) that the quantity of

methamphetamine mixture is at least 15 kilograms, rendering a base offense level of 38 under

U.S.S.G. § 2D1.1; (2) that the Petitioner is eligible for a two point reduction for acceptance of

responsibility, as long as he does not act in a manner contrary to acceptance prior to sentencing,

1

including drug use, and the Government agrees that the plea is timely and will file a motion for the third point reduction in base offense level prior to sentencing; and (3) that "[n]either party shall seek any enhancements or reductions in sentence under U.S.S.G. sections 3B or 5K other than those specifically set out in this agreement."

The plea agreement stated, "The parties understand that the Court is not bound by these stipulations.  The defendant further understands that if the Court does not accept the stipulations, the defendant is not entitled to withdraw the guilty plea or otherwise be released from defendant's obligations under this Agreement."  At the plea hearing, the Court advised the Petitioner that the statutory minimum sentence was ten years' imprisonment, the statutory maximum was life imprisonment, and that the Court "has the statutory authority to go up to life."[1]  The Petitioner acknowledged that he understood the statutory limits.[2]  The Court also stated:

> Now, I notice the parties have agreed not to seek additional enhancements, but I think you should understand that that's not binding upon the Court.  The probation office might recommend further enhancements depending upon how they view the facts.  And do you understand that the Court is not bound by your plea agreement with respect to the guideline range?[3]

Petitioner replied, "Yes, sir."[4]  The Court informed the Petitioner that he and his attorney would have a chance to review the Pre-Sentence Investigation Report ("PSR"), and advise the Court if there were any errors in it.

---

[1] Change of Plea Hrg. Transcr. 5:4-7, 7:13-15 (Sept. 15, 2006).

[2] Change of Plea Hrg. Transcr. 5:8, 7:18 (Sept. 15, 2006).

[3] Change of Plea Hrg. Transcr. 6:10-15 (Sept. 15, 2006).

[4] Change of Plea Hrg. Transcr. 6:16 (Sept. 15, 2006).

2

On February 20, 2007, at Petitioner's sentencing hearing, Petitioner and his counsel indicated that they had carefully reviewed the PSR and that there were no factual errors or mistakes in the PSR.[5]  The Court stated that Petitioner's base offense level was 38, as stipulated in the plea agreement.[6]  However, the PSR includes a two-level increase for an applicable "Specific Offense Characteristic" under U.S.S.G. § 2D1.1(b)(4) because of the involvement of chemicals in the methamphetamine conspiracy that were imported by use of the Internet from Canada, resulting in an offense level of 40.  The Government moved for the third point reduction for acceptance of responsibility, which lowered the total offense level to 37.[7]  Petitioner's total offense level of 37 and Criminal History Category of IV resulted in a sentencing range of 292-365 months' imprisonment.[8]  The Court indicated that it would be inclined to sentence the Petitioner at the mid-point of the sentencing range, or 328 and one-half months' imprisonment.[9]  However, the Government made a motion pursuant to U.S.S.G. § 5K1.1 to reduce Petitioner's sentence by 50 percent.  Although the Court declined to reduce Petitioner's sentence by a full 50 percent, the Court sentenced Petitioner below the guideline range to 200 months' imprisonment with five years of supervised release to follow.[10]  At the conclusion of the hearing, the Court advised the Petitioner of his right to appeal, and the obligation to file a notice of appeal within

---

[5]Sentencing Hrg. Transcr. 2:14-25 (Feb. 20, 2007).

[6]Sentencing Hrg. Transcr. 3:13-14 (Feb. 20, 2007).

[7]Sentencing Hrg. Transcr. 3:19-24 (Feb. 20, 2007).

[8]Sentencing Hrg. Transcr. 4:6-10 (Feb. 20, 2007).

[9]Sentencing Hrg. Transcr. 15:9-11, 16:12-16 (Feb. 20, 2007).

[10]Sentencing Hrg. Transcr. 17:9-12 (Feb. 20, 2007).

ten days.[11]

## II.   MOTION

In his motion, Petitioner argues that (1) this Court's reliance upon factually inaccurate PSR is a fundamental defect congnizable under 28 U.S.C. § 2255 and constitutes *per se* ineffective assistance of counsel; (2) the Government's failure to correctly inform this Court of the proper base offense level, used as the basis for determining the sentence imposed, was a categorical breach of contract under the terms and conditions of the plea agreement, and constitutes ineffective assistance of counsel; and (3) the waiver provisions of the plea agreement conditionally prevented Petitioner's direct appeal of the errors complained of in the instant motion, and failure to appeal constituted ineffective assistance of counsel in violation of Petitioner's Sixth Amendment protections.

To show ineffective assistance of counsel in the context of a guilty plea, Petitioner must establish: "(1) counsel's performance fell below the *Strickland*[12] standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial." *United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007).  Courts are not required to analyze the performance prong if they determine that the defendant suffered no prejudice as a result of the allegedly deficient performance.  *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).  As pointed out in the leading case of *Strickland v. Washington*, 466 U.S. 668 (1984), in evaluating counsel's conduct "judicial scrutiny of a counsel's performance must be highly deferential."  *Id*. at 689.

---

[11] Sentencing Hrg. Transcr.19:14-16 (Feb. 20, 2007).

[12] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner's first argues that this Court's reliance upon factually inaccurate PSR is a fundamental defect congnizable under 28 U.S.C. § 2255 and constitutes *per se* ineffective assistance of counsel.  The Court informed Petitioner at the plea hearing that if there were any factual errors or mistakes in the PSR, they would have to be brought to the Court's attention before sentence was imposed.  At the sentencing hearing, the Court inquired as to whether there were any factual errors or mistakes in the PSR.  Defendant did not point to any factual errors in the PSR at that time and explicitly stated that there were none.  Thus, the Court stated that it would rely upon the accuracy of the information stated in the PSR. Paragraphs 9 and 20 of the PSR stated:

> 9.  The investigation further revealed that Mr. Purdom received cash from other unindicted individuals to finance his manufacturing operation.  He repaid these individuals in methamphetamine.  Mr. Purdom received ounce quantities of red phosphorus from an individual in Little Rock.  The individual was known to import the red phosphorus via mail from Canada.  Mr. Purdom estimated the individual had supplied him with 30-40 pounds of red phosphorus.
> . . .
> 20.  Specific Offense Characteristics:   As referenced in paragraph 9, the offense involved the manufacture of methamphetamine from listed chemicals (red phosphorus) that the defendant knew were imported unlawfully.  The defendant will receive a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(4).

U.S.S.G. § 2D1.1(b)(4) provides, "If (A) the offense involved . . . the manufacture of . . . methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and (B) the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role), increase by 2 levels."  Petitioner still fails to explain why the two-point enhancement was inapplicable under the facts contained in the PSR or how the PSR was "factually inaccurate" such that the two-point enhancement was inappropriate.  The Court finds that based upon the Petitioner's admission of the accuracy of paragraph 9 in the PSR, the application of the two-point enhancement was

appropriate, and Petitioner's first argument is without merit.

Next, Petitioner asserts that the Government's failure to inform this Court of the proper base offense level was a categorical breach of contract under the terms and conditions of the plea agreement, and that his counsel's failure to inform the Court of the proper base offense level constitutes ineffective assistance of counsel.  In his affidavit, Petitioner states that his attorney had assured him while reviewing the PSR "not to worry about that two point enhancement" because it "would not come into play," nor would "it make a difference in the sentencing phase." However, the Court informed Petitioner at the plea hearing that it was not bound by the stipulations contained in the plea agreement, and Petitioner indicated that he understood.

Petitioner cites *United States v. DeWitt*, 366 F.3d 667, 671-72 (8th Cir. 2004), in support of his argument that the Court may not rely upon prosecutorial recommendations in violation of a plea agreement.  In *DeWitt*, the plea agreement stipulated to a drug quantity of 1.12 grams of pseudoephedrine and a base offense level of 16, but the government presented evidence at sentencing that the drug quantity and corresponding base offense level should be higher.  *Id*. at 668-69.  The Eighth Circuit noted that "there would have been no breach of the plea agreement if the district court had *directed* the government to present evidence that contradicted the stipulation," but "[w]here the government stipulates to a drug quantity and base offense level, it may not then initiate an effort at the sentencing hearing to obtain a greater sentence, even if the government has come to believe that the stipulation was made in error.  *Id*. at 671-72.  This case is clearly distinguishable from *DeWitt* because the Government made no recommendation or comment regarding the application of the two-level enhancement.  The Government's silence as to this issue does not equate to "initiat[ing]  an effort at the sentencing hearing to obtain a greater

6

sentence." Thus, the Government did not breach the plea agreement. Furthermore, as the Court applied the proper base offense level and enhancements, as discussed above, Petitioner's counsel did not err in not raising the issue.

Furthermore, "[p]lea agreements are contractual in nature, and should be interpreted according to general contract principles." *Id*. at 669. Here, the plea agreement agreed to a base offense level of 38, which the Court applied. Additionally, the plea agreement stipulated that neither party would seek any enhancements under "U.S.S.G. sections 3B or 5K other than those specifically set out in this agreement." The two-level increase applied in this case was made pursuant to U.S.S.G. § 2D1.1(b)(4), not section 3B or 5K, and thus falls outside the scope of the plea agreement. Petitioner's second argument is without merit.

Finally, Petitioner argues that the waiver provisions of the plea agreement conditionally prevented his direct appeal of the errors complained of in the instant motion, and failure to appeal constituted ineffective assistance of counsel in violation of Petitioner's Sixth Amendment protections. As noted above, in his affidavit, Petitioner states that his attorney had assured him while reviewing the PSR "not to worry about that two point enhancement" because it "would not come into play," nor would "it make a difference in the sentencing phase." Petitioner also states that immediately after the Court advised him of the right to appeal at his sentencing hearing, his attorney whispered "we won't be appealing." Petitioner further states that had his attorney discussed his direct appeal rights with him instead of informing him of his decision, deciding for him and subsequently placating him with false hopes of a further reduction, he would have instructed his counsel to appeal the additional two-point enhancement that he did not agree to, bargain for, or admit in open court. But, as noted above, Petitioner did agree that the PSR was

accurate when it explained the factual basis for the two-level enhancement.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S. Ct. 1029, 1036 (2000), the United States Supreme Court held "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id*. "Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id*. "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id*.

"The second part of the *Strickland* test requires the defendant to show prejudice from counsel's deficient performance." *Id*. at 481. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484.

Petitioner has not pointed to any specific waiver provision of the plea agreement that conditionally prevented his direct appeal. As discussed above, the Court finds that a rational

defendant would not want to appeal because there were no nonfrivolous grounds for appeal. Clearly, based upon the Petitioner's admission of the facts in the PSR, the two-level increase under U.S.S.G. § 2D1.1(b)(4) was appropriate. With regard to whether the Petitioner reasonably demonstrated to counsel that he was interested in appealing, Petitioner does not argue that he requested that his counsel file an appeal. Furthermore, Petitioner does not allege any facts that support the argument that his counsel knew or should have known that he was interested in appealing. Also, the Court advised Petitioner of his right to appeal. Additionally, Petitioner entered a guilty plea without reserving any issues for appeal, which reduced the scope of potentially appealable issues. Therefore, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied.

Accordingly,

IT IS THEREFORE ORDERED THAT Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 206) be, and it is hereby, DENIED.

Dated this 19th day of May, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE